IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| ARIZONA PROPERTY AND CASUALTY INSURANCE GUARANTY FUND, | ) ) ) ) | 2 CA-CV 2004-0199 DEPARTMENT B |
| | ) | O P I N I O N |
| Plaintiff/Appellee, | ) ) | |
| v. | ) ) | |
| BUNNY MARTIN and ROY MARTIN, wife and husband, | ) ) ) | |
| Defendants/Appellants. | ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CV2003-0983

Honorable Michael Alfred, Judge

AFFIRMED

Jones, Skelton & Hochuli, P.L.C.
  By Michael A. Ludwig and Randall H. Warner                                      Phoenix
                                                        Attorneys for Plaintiff/Appellee


Block Grynkewich, P.C.
  By Gary S. Grynkewich

                                                                                 Tucson
                                                        Attorneys for Defendants/Appellants


P E L A N D E R, Chief Judge.

¶1 In this declaratory relief action (DRA) that involves a *Morris*[1] agreement, appellants Bunny Martin and her husband appeal from the trial court's grant of summary judgment in favor of appellee Arizona Property and Casualty Insurance Fund (Fund). Martin contends the trial court erred in allowing the Fund to litigate alleged liability issues in the coverage phase of this case. Finding no error, we affirm the trial court's decision.

**BACKGROUND**

¶2 On appeal from a summary judgment, we view the facts "in the light most favorable to the party against whom judgment was entered." *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, ¶ 2, 965 P.2d 47, 49 (App. 1998). Here, the parties agree the material facts are undisputed. Martin was an employee of First Chiropractic, where Robin O'Neal and Paul Ries worked as chiropractic doctors. As one of the benefits of her employment, Martin received chiropractic "adjustments" free of charge. No records were kept for the twenty-five to forty treatments Martin received during the course of her employment with First Chiropractic. Martin filed a tort action against First Chiropractic, O'Neal, and Ries (First defendants), claiming two chiropractic adjustments they performed had caused permanent injury to her neck.

¶3 The First defendants were insured under a professional liability insurance policy issued by Reliance National Indemnity Company. Reliance assumed the defense of the tort action but reserved its rights to contest coverage. In their answer in that underlying

---

[1]*United Servs. Auto. Ass'n v. Morris*, 154 Ariz. 113, 741 P.2d 246 (1987).

case, the First defendants alleged as an affirmative defense that Martin's "claims may be barred by the worker's compensation laws of the state of Arizona." After Reliance became insolvent in 2001, the Fund took over the defense of the tort action pursuant to A.R.S. §§ 20-661 and 20-667.

¶4 In February 2003, the Fund filed this DRA, requesting a ruling that insurance coverage was excluded under the Reliance policy because Martin's alleged injuries had occurred in the course of her employment and because the chiropractors had violated their professional code of conduct. The Fund also requested a declaration that Martin's injuries constituted one incident under the policy. In March, O'Neal and First Chiropractic entered into a *Morris* agreement with Martin and, pursuant to their stipulation, the trial court entered a default against O'Neal and First Chiropractic in the underlying action.[2]

¶5 The Fund moved for summary judgment in this DRA on the issue of coverage and Martin, standing in the shoes of O'Neal and First Chiropractic pursuant to the *Morris* agreement's assignment provision, cross-moved for summary judgment. The trial court granted the Fund's motion and denied Martin's. This appeal followed the trial court's entry of judgment pursuant to Rules 54(b) and 56, Ariz. R. Civ. P., 16 A.R.S., Pt. 2.

---

[2]For reasons not clear in the record, Ries, the other defendant in the underlying action, was not a party to either the *Morris* agreement or the stipulation for entry of default. At oral argument in this court, Martin's counsel stated that a default judgment was never actually entered against O'Neal and First Chiropractic.

**DISCUSSION**

**¶6**    Martin contends "[t]he trial court erred in granting summary judgment in favor of the Fund in that its ruling was based on an issue completely subsumed under the terms of . . . [the] *Morris* agreement." "On appeal from a summary judgment, we must determine *de novo* whether there are any genuine issues of material fact and whether the trial court erred in applying the law." *Bothell*, 192 Ariz. 313, ¶ 8, 965 P.2d at 50. "We will affirm if the trial court's ruling is correct on any ground." *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, ¶ 6, 20 P.3d 1158, 1162 (App. 2001).

**¶7**    The Reliance policy contained various exclusions to coverage, including the following language:

> This policy does not apply to any claim or suit arising directly or indirectly from:
>
> 1.  bodily injury to you in the course of your employment.
>
>     . . . .
>
> 3.  any obligation for which you or any carrier acting as insurer may be held liable under any workers' compensation . . . law or under any similar law.
>
>     . . . .
>
> 15. injury or damage to:
>
>     • your employee . . . arising out of the course of his or her work;
>
>     . . . .

4

This exclusion applies:

- whether you may be liable as an employer or in any other capacity, and

- to any obligation to share loss with or repay someone else who must pay because of the injury.

¶8        In its ruling, the trial court found that "Bunny Martin was, at the time of her injury, an employee of Defendant First Chiropractic and Defendant Robin O'Neal." The trial court also stated that "Martin's injury arose out of and occurred within the course and scope of her employment with Defendant First Chiropractic" and that "A.R.S. [§] 23-1022(A) provides that Worker's Compensation is the exclusive remedy for employees who are injured in the course of their employment." Presumably on all of those bases, but without referring to the policy exclusions or otherwise specifying the particular grounds on which it relied, the trial court granted summary judgment in favor of the Fund.[3]

¶9        Focusing on the trial court's reference to the exclusivity provision of § 23-1022(A), Martin maintains the trial court "based [its] decision" on "[w]hat this Court prohibited" in *Associated Aviation Underwriters v. Wood*, 209 Ariz. 137, 98 P.3d 572 (App. 2004) (*AAU*). In that case, decided by this court after the trial court had ruled, we

---

[3]The trial court made several other findings relating to the chiropractors' "violat[ion of] the code of professional conduct applicable to the chiropractic profession" and the number of policy limits that would apply. In view of our holding on the coverage issue, however, we do not address Martin's arguments on those other rulings.

applied the principles set forth in *United Services Automobile Association v. Morris*, 154 Ariz. 113, 741 P.2d 246 (1987), and stated:

> when an insured who is being defended under a reservation of rights enters into a *Morris* agreement and stipulates to an adverse judgment, the insurer may not litigate in the coverage phase of a DRA "the same legal and factual issues" that underlie the judgment. . . . *Morris* does not authorize, but rather essentially prohibits, an insurer's attempt in that context to litigate tort liability and damage issues in the guise of a coverage defense.

*AAU*, 209 Ariz. 137, ¶ 37, 98 P.3d at 585.

¶10 According to Martin, the Fund violated *AAU*'s principles by litigating liability issues in this action on coverage. If the workers' compensation defense that the Fund presented here had been successfully urged in the underlying tort action, she argues, it would have "defeated Martin's claim of liability." Thus, Martin reasons, the trial court erred because its ruling "hinged on facts and law bearing directly on [O'Neal's and First Chiropractic's] liability in the underlying action." We do not agree with Martin's reading or application of our decision in *AAU*.

¶11 The insurer in *AAU* argued it was "entitled to a declaration of 'no coverage' under its policies" if the plaintiffs in the underlying case did not prove "actionable fault" on the insureds' part. *Id.* Relying primarily on "the basic insuring provision of its policies," *id.* ¶ 32, the insurer contended no coverage existed because those plaintiffs had "failed to establish an 'insured event'" absent proof of liability, causation, and damages in the DRA. *Id.* ¶ 25. In other words, the insurer in *AAU* "essentially argue[d] it may fully litigate all

6

liability and damage issues in the coverage phase of [the] DRA, irrespective of what occurred in the [underlying tort] cases." *Id*. ¶ 32. We rejected that argument because the purported coverage issue the insurer sought to litigate—the existence of actionable fault—was "completely subsumed in the consent judgment" that had been entered in the underlying tort actions pursuant to the *Morris* agreement. *Id.* ¶ 35.

¶12      In contrast, *Morris* involved defendants in the underlying case who had stipulated that their acts "were either negligent or intentional." 154 Ariz. at 120, 741 P.2d at 253. Our supreme court found "the coverage issue [was] clearly unresolved," because the defendants would be liable under either theory, but the insurance policy at issue excluded intentional acts from coverage. *Id.* The court further explained that the insurer could not "relitigate all aspects of the liability case," *id.*, because that would destroy the purpose of the *Morris* agreement—allowing insureds "to act reasonably to protect themselves from 'the sharp thrust of personal liability.'" *Id*. at 118, 741 P.2d at 251, *quoting Ariz. Prop. & Cas. Ins. Guar. Fund v. Helme*, 153 Ariz. 129, 137, 735 P.2d 451, 459 (1987). But, the court also cautioned that "[a]n insured's settlement agreement should not be used to obtain coverage that the insured did not purchase." *Morris*, 154 Ariz. at 120, 741 P.2d at 253; *see also Parking Concepts, Inc. v. Tenney*, 207 Ariz. 19, ¶ 25, 83 P.3d 19, 24 (2004) ("*Morris* neither imposes new contractual duties on the insurer nor otherwise expands the rights of the insured under the contract of insurance.").

¶13    The parties agreed below that at all pertinent times Martin was O'Neal's and First Chiropractic's employee and that her "injuries occurred during the course and scope of her employment." According to Martin, that conceded fact would relieve O'Neal and First Chiropractic of liability because workers' compensation is generally an exclusive remedy for on-the-job injuries. Therefore, she maintains, her employee status cannot be litigated, or raised as a defense to coverage, in this DRA because it is a liability question subsumed in the underlying tort action. But, as noted earlier, the Reliance insurance contract specifically excluded, inter alia, "[i]njury or damage to . . . your employee . . . arising out of the course of his or her work."[4]

¶14    With respect to that exclusion, as the Fund points out, "[t]here are circumstances in which the [workers' compensation] defense would not apply but the exclusion nonetheless would." For example, if the insured employer failed to post proper

---

[4]Although Martin does not directly challenge the validity or applicability of that exclusion, we note that courts have upheld and enforced similar exclusions to preclude coverage for injury claims by employees of the insured. *See, e.g., Stearns-Roger Corp. v. Hartford Accident & Indem. Co.*, 117 Ariz. 162, 571 P.2d 659 (1977) (summary judgment affirmed based on policy provision excluding coverage for injury to insured's employees arising out of and in course of such employment, when plaintiffs in underlying tort case against additional insured had been injured in course of their employment with named insured); *Tucson Pub. Sch. Dist. No. One v. Home Ins. Co.*, 9 Ariz. App. 233, 451 P.2d 46 (1969) (summary judgment affirmed based in part on similar exclusion in policy); *Westchester Fire Ins. Co. v. Am. Gen. Fire & Cas. Co.*, 790 S.W.2d 816, 818 (Tex. App. 1990) (policy provision excluding coverage for injury to employees of insured arising out of and in course of employment "was plainly intended to exclude any obligation on [insurer's] part to pay *any* liability incurred by [insured] *by reason of bodily injury sustained by an employee*, whether that liability was *direct . . .* or *indirect . . . .*").

notice of workers' compensation rights, the employee could sue the employer directly under A.R.S. § 23-906, but the policy exclusion might still apply. Similarly, as the Fund also observes, an employee "can elect to sue if the [on-the-job] injury resulted from willful misconduct, though the exclusion would still apply." *See* A.R.S. § 23-1022(A). Thus, any liability issues relating to workers' compensation law are not necessarily coextensive with the insurance policy exclusions. And that is so even though, as Martin points out, she did not allege, nor did the parties present evidence on, willful misconduct by the First defendants or any "failure to post" issues in the underlying case or in this DRA.

¶15 More importantly, as the Fund explains, it "is not arguing that there is no coverage because there is no liability. It is arguing that there is no coverage because specific policy exclusions apply." The Fund likewise points out it "does not seek to relitigate liability," but rather, "only seeks to enforce policy exclusions, the applicability of which are uncontested." We agree, and that makes this situation similar to *Morris* and different from *AAU*. In *AAU*, we prohibited an insurer from relitigating liability issues under the guise of litigating coverage; but we did not prohibit insurers from litigating legitimate coverage issues in a DRA based on specific policy exclusions. That is all the Fund did, and Martin does not persuasively explain what other viable options the Fund might have had to pursue and resolve those coverage issues under the circumstances presented here.

¶16 In Arizona, a liability insurer owes express duties to defend and, if coverage and liability exist, to indemnify the insured. *See Waddell v. Titan Ins. Co.*, 207 Ariz. 529,

9

¶ 14, 88 P.3d 1141, 1145 (App. 2004). Martin apparently suggests that, having chosen to defend the underlying case while reserving its rights to contest coverage, and having raised as an affirmative defense in that case a potential bar under the workers' compensation laws, the insurer could avoid its duty to indemnify the insureds only by litigating and prevailing on that defense as a "complete shield from liability" in the underlying case. But the insurer clearly was entitled to reserve its rights on coverage while providing a defense in the underlying action, "without thereby waiving its right to raise the question of liability under the terms of the policy at a later date." *Damron v. Sledge*, 105 Ariz. 151, 155, 460 P.2d 997, 1001 (1969); *see also Morris*, 154 Ariz. at 118, 741 P.2d at 251. And, when the insurer did so, the insureds were equally free to protect themselves, as they did, by executing a *Morris* agreement with Martin and stipulating to entry of default against them. *Id*. at 119, 741 P.2d at 252; *see also Mora v. Phoenix Indem. Ins. Co.*, 196 Ariz. 315, ¶ 17, 996 P.2d 116, 120 (App. 1999). At that point, the Fund's only appropriate and available avenue for litigating and obtaining a ruling on the coverage issues was in this DRA. We find that procedure neither unauthorized nor unusual and reject Martin's suggestion to the contrary.[5]

¶17    As the Fund points out, neither *Morris* nor its progeny, including *AAU*, intended to "eliminate policy exclusions with a *Morris* agreement." To rule otherwise

---

[5]We also reject Martin's suggestion that, by merely "bringing" the DRA, the Fund "sought haven from its obligation to defend." Nothing in the record suggests Reliance or the Fund breached its duty to defend. Rather, the record suggests defense counsel in the underlying case simply chose to pursue a *Morris* agreement instead of litigating the merits of either Martin's claims or the affirmative defenses the First defendants raised.

10

would allow Martin, by entering into a *Morris* agreement with O'Neal and First Chiropractic, "to obtain coverage that [they] did not purchase"—coverage for injury to employees. *Morris*, 154 Ariz. at 120, 741 P.2d at 253. This would upset the careful balance between the interests of the insured and the insurer set forth in *Morris* and explained in *AAU*. Accordingly, we find no error in the trial court's ruling on the coverage issue here.

**DISPOSITION**

**¶18** The judgment of the trial court is affirmed. In our discretion, we deny the Fund's request, made pursuant to A.R.S. § 12-341.01(A), for an award of attorney fees on appeal. *See Hale v. Amphitheater Sch. Dist. No. 10*, 192 Ariz. 111, ¶ 20, 961 P.2d 1059, 1065 (App. 1998) (court has discretion on whether to award attorney fees on appeal).

_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____
M. JAN FLÓREZ, Presiding Judge


_____
PHILIP G. ESPINOSA, Judge