# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DONALD SULLIVAN; DEANNA EVICH;
RICHARD BURKOW,
        *Plaintiffs-Appellants,*

v.

ORACLE CORPORATION, a Delaware
corporation; ORACLE UNIVERSITY,
form unknown,
        *Defendants-Appellees.*

No. 06-56649

D.C. No.
CV-05-00392-AHS

OPINION

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, District Judge, Presiding

Argued and Submitted May 6, 2008
Submission Withdrawn Feb. 17, 2009
Resubmitted December 6, 2011
Pasadena, California

Filed December 13, 2011

Before: William A. Fletcher and Ronald M. Gould,
Circuit Judges, and Louis H. Pollak,*
United States District Judge.

Opinion by Judge William A. Fletcher

---

*The Honorable Louis H. Pollak, Senior United States District Judge
for the Eastern District of Pennsylvania, sitting by designation.

20965

**COUNSEL**

Charles Scott Russell, Robert Thompson, CALLAHAN McCUNE & WILLIS, Tustin, California, for the appellants.

Stephen L. Berry, Paul W Cane, Jr., PAUL, HASTINGS, JANOFSKY & WALKER, Costa Mesa, California, for the appellees.

**OPINION**

W. FLETCHER, Circuit Judge:

Oracle Corporation ("Oracle"), a large software company, has employed hundreds of workers to train Oracle customers in the use of its software. During the period relevant to this suit, Oracle classified these workers as teachers who were not entitled to compensation for overtime work under either federal or California law. Three nonresidents of California brought a would-be class action against Oracle seeking damages under California law for failure to pay overtime. Plaintiffs performed only some of their work for Oracle in California. Plaintiffs' first two claims are based on work performed in California. Their third claim is based on work performed anywhere in the United States.

The district court granted summary judgment to Oracle on all three claims, on the ground that the relevant provisions of California law did not, or could not, apply to the work performed by Plaintiffs. After certifying several questions of state law to the California Supreme Court and receiving answers from that Court, we reverse the summary judgment on the first two claims and affirm on the third claim.

## I.　Background

Oracle is a Delaware corporation with its principal place of business in California. Plaintiffs are "Instructors" — to use

Oracle's term — who trained customers to use Oracle software. The parties stipulated that from April 1999 to June 2006 (the date of the stipulation) Oracle "utilized Instructors on a contract basis through its subsidiary, Oracle Corporation Canada, to perform work inside the United States [and] inside the State of California." Oracle provided the training materials used by Plaintiffs. Oracle "recognized revenue" for work performed by Plaintiffs in the United States (including California). Oracle "required its Instructors to travel to destinations within the United States away from their city of domicile for the purpose of performing work for Oracle." At all relevant times, all three plaintiffs resided in the United States. All three of them received their letters of employment in their home states.

Plaintiff Donald Sullivan worked as an Oracle Instructor from June 1998 to January 2004. During this period, Sullivan resided in Colorado. During 2001, Sullivan worked in Colorado "on at least 150 days"; he worked in California "on 32 days"; and he worked in other states "on at least" 52 days. During 2002, he worked in Colorado "on at least 150 days"; he worked in California "on 12 days"; and he worked in other states "on at least" 20 days. During 2003, he worked in Colorado "on at least 150 days"; he worked in California "on 30 days"; and he worked in other states "on at least" 19 days. The record does not reflect how many days, if any, Sullivan worked in Canada.

Plaintiff Deanna Evich worked as an Oracle Instructor from August 1999 to July 2004. During this period, Evich resided in Colorado. During 2001, Evich worked in Colorado "at least 150 days"; she worked in California "on 33 days"; and she worked in other states "on at least" 3 days. During 2002, she worked in Colorado "on approximately 30 days"; she worked in California "on 11 days." During 2003, she worked in Colorado "on approximately 30 days"; she worked no days in California. During 2004, she worked in Colorado "on at least 100 days"; she worked in California "on 36 days"; and she worked

in other states "on at least" 4 days. The record does not reflect how many days, if any, Evich worked in Canada.

Plaintiff Richard Burkow worked as an Oracle Instructor from March 1998 to April 2002. During this period, Burkow resided in Arizona. During 2001, Burkow worked in Arizona "on at least 100 days"; he worked in California "on 15 days"; and he worked in other states "on at least" 68 days. During 2002, he worked in Arizona "on at least 60 days"; he worked in California "on five days"; and he worked in other states "on at least" 12 days. The record does not reflect how many days, if any, Burkow worked in Canada.

For a number of years, Oracle classified its Instructors as "teachers." Teachers are exempt from the overtime provisions of California's Labor Code ("Labor Code") and the federal Fair Labor Standard Act ("FLSA"). *See, e.g.*, 29 U.S.C. § 213(a)(1) (providing exemptions from the FLSA's overtime provisions); 29 C.F.R. § 541.303(a)-(b) (applying FLSA exemption to certain categories of teachers); *Cal. Sch. of Culinary Arts v. Lujan*, 4 Cal. Rptr. 3d 785, 791-92 (Ct. App. 2003) (describing regulations establishing exemption for teachers from the Labor Code's overtime provisions). The parties stipulated that Oracle's California offices were primarily responsible for the decision to classify the Instructors as "teachers" who were exempt from the overtime provisions of the Labor Code and the FLSA.

In 2003, Oracle reclassified its California-based Instructors and began paying them overtime under the Labor Code. In 2004, Oracle reclassified all of its Instructors working in the United States and began paying them overtime under the FLSA. Oracle has not retroactively provided overtime payments to Plaintiffs for the work they performed prior to the reclassification.

Oracle's reclassification of its Instructors appears to have been prompted by a 2003 class action in federal district court

for the Central District of California. Plaintiffs in that suit claimed that Oracle misclassified its Instructors under the Labor Code and the FLSA. *Gabel & Sullivan v. Oracle* ("*Sullivan I*"), Case No. SACV 03-348 AHS (MLGx) (C.D. Cal. Mar. 29, 2005). The district court certified two classes. The first class consisted of plaintiffs seeking damages under the Labor Code; the second consisted of plaintiffs seeking damages under the FLSA. That suit was settled, resulting in a dismissal with prejudice of the claims of both classes. However, claims brought by plaintiffs under California law "for periods of time they may have worked in the State of California when they were not a resident of the State" were excepted from the settlement. Those claims were dismissed without prejudice.

Plaintiffs brought the present suit in state court shortly thereafter. Oracle removed the suit to the federal district court for the Central District of California, where it was assigned to the same district judge as *Sullivan I*, the first suit. Plaintiffs allege three claims in the present suit. They seek class certification for all three claims.

The first claim, brought by all three named Plaintiffs, alleges a violation of the California Labor Code. *See, e.g.*, Cal. Lab. Code § 510(a); *see also Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1073 n.18 (9th Cir. 2007). Plaintiffs allege that Oracle failed to pay overtime for work performed in California to Instructors domiciled in other states who worked complete days in California. We refer to this claim as the "Labor Code claim."

The second claim, brought by all three Plaintiffs, alleges a violation of California's Unfair Competition Law, commonly referred to as § 17200. *See* Cal. Bus. & Prof. Code § 17200 *et seq*. This claim is predicated on the violations of the Labor Code alleged in the first claim. We refer to this claim as the "§ 17200/Labor Code claim."

The third claim, brought only by Plaintiffs Evich and Burkow, alleges a different violation of § 17200. This claim is predicated on violations of the FLSA. Plaintiffs allege that Oracle failed to pay overtime for work performed throughout the United States. Class members in *Sullivan I* who settled their claims against Oracle are not included in the would-be class for this third claim. We refer to this claim as the "§ 17200/FLSA" claim.

The district court granted summary judgment to Oracle on all three claims. On the first and second claims, the court held that California's Labor Code (and, derivatively, § 17200) does not apply to nonresidents who work primarily in other states. Further, the court held that if the Labor Code were construed to apply to such work, it would violate the Due Process Clause of the Fourteenth Amendment. On the third claim, the court held that § 17200 does not apply to work performed outside California for which payment was less than that required by the FLSA; to the extent the third claim involved work performed in California the claim failed "for the same reasons that Plaintiffs' § 17200 claim based on Labor Code provisions fails." Plaintiffs timely appealed.

In a published opinion, we reversed in part and affirmed in part the decision of the district court. *Sullivan v. Oracle Corp.* (*Sullivan II*), 547 F.3d 1177 (9th Cir. 2008). We reversed on the first and second claims, holding that the Labor Code and § 17200 apply to the overtime work that Plaintiffs performed in California. *Id.* at 1181-86. We affirmed on the third claim, holding that § 17200 does not apply to Plaintiffs' overtime work performed outside of California even if the employer violated the FLSA. *Id.* at 1186-87.

Oracle filed a petition for rehearing en banc of our decision on the first and second claims. Plaintiffs filed a petition for rehearing by the panel on the third claim. The California Employment Law Council, the California Restaurant Association, and the Employers' Group each filed amicus briefs in

support of Oracle's petition for rehearing en banc on the first and second claims.

We withdrew our published opinion, and certified the following questions of state law to the California Supreme Court:

> First, does the California Labor Code apply to overtime work performed in California for a California-based employer by out-of-state plaintiffs in the circumstances of this case, such that overtime pay is required for work in excess of eight hours per day or in excess of forty hours per week?

> Second, does § 17200 apply to the overtime work described in question one?

> Third, does § 17200 apply to overtime work performed outside California for a California-based employer by out-of-state plaintiffs in the circumstances of this case if the employer failed to comply with the overtime provisions of the FLSA?

*Sullivan v. Oracle Corp.* ("*Sullivan III*"), 557 F.3d 979, 983 (9th Cir. 2009). The California Supreme Court agreed with the answers we had given in our original opinion to these three questions. *Sullivan v. Oracle Corp.* ("*Sullivan IV*"), 51 Cal. 4th 1191 (2011). In answer to the first question, the Court concluded that California's overtime law applies to the work described in the question that had been performed in California by nonresidents. *Id.* at 1196-1206. In answer to the second question, the Court concluded that § 17200 applies to the work described in the first question. *Id.* at 1206. In answer to the third question, the Court concluded that § 17200 does not reach Plaintiffs' FLSA claims for work performed outside California under the circumstances of this case. *Id.* at 1206-09.

We address the few remaining issues below.

## II.    Standard of Review

"We review the district court's decision to grant summary judgment *de novo*. Thus, viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Fichman v. Media Ctr.*, 512 F.3d 1157, 1159 (9th Cir. 2008) (internal citation omitted).

## III.    Discussion

### A.    Labor Code Claim

**[1]** Oracle makes two arguments against Plaintiffs' Labor Code claim. First, Oracle argues that the overtime provisions of California's Labor Code do not apply to work performed in California by residents of Colorado and Arizona. The California Supreme Court disagreed and concluded: "The California Labor Code does apply to overtime work performed in California for a California-based employer by out-of-state plaintiffs in the circumstances of this case, such that overtime pay is required for work in excess of eight hours per day or in excess of forty hours per week." *Sullivan IV*, 51 Cal. 4th at 1206. The Court's answer to Oracle's state-law argument is conclusive.

Second, Oracle argues that if California's Labor Code applies to Plaintiffs' work in California the Code violates the Due Process Clause of the Fourteenth Amendment and the Dormant Commerce Clause of the United States Constitution. We disagree with both the due process clause and commerce clause arguments.

### 1.    Due Process Clause

**[2]** We apply the same test under the Due Process Clause of the Fourteenth Amendment and the Full Faith and Credit

Clause to determine whether a state's law may be applied in a particular case. "[F]or a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985) (quoting *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312-13 (1981)). A state court is rarely forbidden by the Constitution to apply its own state's law. *Compare Phillips*, 472 U.S. at 814-23 (holding that a Kansas court may not apply Kansas prejudgment interest rules to all of the natural gas leases at issue in a class action involving royalties from 6,232 leases, of which only four were located in Kansas, and 14,477 royalty owners, of whom only 504 were Kansas residents) *with Allstate Ins. Co.*, 449 U.S. at 304-20 (holding that a Minnesota court may apply Minnesota rule permitting "stacking" of motorcycle insurance policies because plaintiff now lived in Minnesota and her deceased spouse had worked in Minnesota, even though plaintiff had lived in Wisconsin at the time of the accident, and even though decedent had lived in Wisconsin, had taken out the insurance policies in Wisconsin, and had been killed in Wisconsin).

**[3]** The contacts creating California interests are clearly sufficient to permit the application of California's Labor Code in this case. The employer, Oracle, has its headquarters and principal place of business in California; the decision to classify Plaintiffs as teachers and to deny them overtime pay was made in California; and the work in question was performed in California.

## 2. Dormant Commerce Clause

**[4]** If a statute "regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in

relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970). California applies its Labor Code equally to work performed in California, whether that work is performed by California residents or by out-of-state residents. There is no plausible Dormant Commerce Clause argument when California has chosen to treat out-of-state residents equally with its own.

### B.   § 17200/Labor Code Claim

**[5]** Oracle argues that California Business and Professions Code § 17200 does not apply to the overtime work performed by Plaintiffs, described above. The California Supreme Court held: "Business and Professions Code section 17200 does apply to the overtime work" performed by Plaintiffs. *Sullivan IV*, 51 Cal. 4th at 1206. The Court's answer to Oracle's state-law argument is conclusive.

### C.   § 17200/FLSA Claim

**[6]** Plaintiffs Evich and Burkow argue that § 17200 applies to alleged violations of the FLSA outside of California. The California Supreme Court held: "Business and Professions Code section 17200 does not apply to overtime work performed outside California for a California-based employer by out-of-state plaintiffs in the circumstances of this case based solely on the employer's failure to comply with the overtime provisions of the FLSA." *Id.* at 1209. The Court's answer to Oracle's state-law argument is conclusive.

### Conclusion

**[7]** Based on the foregoing, we reverse the district court's grant of summary judgment to Oracle on Plaintiffs' first two claims. We affirm the district court's grant of summary judgment to Oracle on Plaintiffs' third claim.

**REVERSED** in part, **AFFIRMED** in part, and **REMANDED** for further proceedings. Costs to Plaintiffs-Appellants.