
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| AMERICAN FAMILY INSURANCE COMPANY, | No. 10-17326 |
| Plaintiff-Counterdefendant - Appellee, | D.C. No. 2:09-cv-00360-DGC |
| v. | MEMORANDUM[*] |
| MILO BERGESON et al., | |
| Defendants-Counterclaimants - Appellants. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted March 14, 2012[**]
San Francisco, California

Before: CALLAHAN and BEA, Circuit Judges, and BENNETT, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

Appellee American Family Insurance Company ("American Family") sought a declaration against appellants Milo Bergeson and David and Joan Levengood ("the Levengoods") that American Family did not have a duty to defend or indemnify the Levengoods in an underlying wrongful death suit brought by Bergeson, after his ex-wife Lynn Bergeson died from carbon monoxide intoxication in the condominium she leased from the Levengoods when an improperly wired ceiling fan ignited the insulation above her unit. Bergeson and the Levengoods (collectively, "appellants") appeal the district court's grant of summary judgment in favor of American Family, in which the court concluded that because American Family's policy did not cover the Levengoods' liability, American Family had no duty to defend or indemnify them. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review *de novo* the district court's grant of summary judgment. *Sullivan v. Oracle Corp.*, 662 F.3d 1265, 1270 (9th Cir. 2011). Under Arizona law, "an insurer typically owes a duty to indemnify the insured against liabilities covered by the policy and a duty to defend the insured against any claim 'potentially covered by the policy.'" *Pueblo Santa Fe Townhomes Owners' Ass'n v. Transcon. Ins. Co.*, 178 P.3d 485, 491 (Ariz. Ct. App. 2008) (quoting *United Servs. Auto. Ass'n v. Morris*, 741 P.2d 246, 250 (Ariz. 1987)). The allegations in the complaint against

2

the insured, as well as any facts known to the insurer, determine whether a particular claim against an insured triggers coverage under an insurance policy. *See Regal Homes, Inc. v. CNA Ins.*, 171 P.3d 610, 615 (Ariz. Ct. App. 2007); *N. Ins. Co. of N.Y. v. Morgan*, 918 P.2d 1051, 1053 (Ariz. Ct. App. 1995).

The policy here, purchased by the Levengoods' homeowners' association, provided liability coverage to "[e]ach individual unit-owner of the insured condominium, but only for liability arising out of the ownership, maintenance or repair of that portion of the premises which is not reserved for that unit-owner's exclusive use or occupancy." We apply a broad reading of the phrase "arising out of," which, under Arizona law, does not demand proximate cause but only "some causal relation or connection." *See Salerno v. Atl. Mut. Ins. Co.*, 6 P.3d 758, 762 (Ariz. Ct. App. 2000).

Although appellants urge that the Levengoods' liability arose out of their negligence as fractional owners of the ceiling (property not reserved for their exclusive use or occupancy), there is no causal relation or connection between the Levengoods' liability and their ownership, maintenance, or repair of the ceiling. The fire that caused Lynn Bergeson's death occurred in the insulation in the ceiling, but every negligent act alleged against the Levengoods related to their ownership, maintenance, or repair of property that was reserved for their exclusive

3

use.  Bergeson alleged that the Levengoods failed to notify the homeowners' association of the fan's installation; failed to obtain an electrical permit and an inspection, which would have revealed the absence of a junction box;[1] failed to ascertain whether Lynn Bergeson properly installed the ceiling fan; and allowed Lynn Bergeson to install the fan, when they knew or should have known that she could not do it properly.  These allegations involve the ceiling fan itself, the electrical fixture into which it was connected, or the electrical wire powering it, all of which were, pursuant to the homeowners' declarations and Arizona condominium statutes, reserved for the Levengoods' exclusive use.

Thus, we agree with the district court that American Family's policy did not cover the Levengoods' liability to Bergeson and, therefore, that American Family had no duty to defend or indemnify the Levengoods.

Finally, we briefly mention two additional arguments that are not included in the appellants' opening brief and, therefore, are waived.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).  In a letter submitted pursuant to Federal Rule of Appellate Procedure 28(j), appellants contend, for the first time, that, under

---

[1] Appellants maintain, but do not explain how, the presence of a junction box would have prevented the improper installation of the ceiling fan.  In fact, their expert, when asked in his deposition whether "the lack of a junction box here ha[d] anything to do with the cause of this fire," responded, "I don't see anything in the evidence that indicates that to be the case."

*Associated Aviation Underwriters v. Wood*, 98 P.3d 572 (Ariz. Ct. App. 2004), the stipulated judgment in the state wrongful death case precludes American Family from litigating coverage here. Even if appellants had not waived this argument, *Associated Aviation Underwriters* prohibits insurers only from relitigating liability under the guise of litigating coverage in a declaratory judgment, which is not the case here. *See Ariz. Prop. & Cas. Ins. Guar. Fund v. Martin*, 113 P.3d 701, 704 (Ariz. Ct. App. 2005). Additionally, appellants, in their reply brief, raise the new argument that the electrical wire powering the fan was not reserved for the Levengoods' exclusive use. Again, even if not waived, this contention would fail because, pursuant to the homeowners' declarations, the electrical wire was reserved for the Levengoods' exclusive use.

**AFFIRMED**.