540 P.2d 1266

### The BOARD OF TRUSTEES OF TANQUE VERDE SCHOOL DISTRICT # 13, a body politic, et al., Petitioners,

v.

### SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, DIVISION FOUR, Respondent,

### Donald M. REED, Real Party In Interest.

### No. 2 CA–CIV 1978.

Court of Appeals of Arizona, Division 2.

Oct. 8, 1975.

Rehearing Denied Nov. 13, 1975.
Review Denied Dec. 16, 1975.

Dennis DeConcini, Pima County Atty., by Lawrence Ollason, Sp. Deputy County Atty., for School Affairs, Tucson, for petitioners.

Leighton H. Rockafellow, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

The respondent court's denial of petitioners' motion to dismiss a complaint filed by real party in interest is the subject of this special action. Since an erroneous denial of a motion to dismiss is appropriately reviewable by special action under the circumstances presented here, *Industrial Commission v. Superior Court,* 5 Ariz. App. 100, 423 P.2d 375 (1967), we assume jurisdiction.

Mr. Reed filed a complaint in superior court against the petitioners. The pertinent allegations of the complaint, which we accept as true for purposes of testing the propriety of the ruling on the motion to dismiss, are as follows. Mr. Reed had a teaching contract for the school year 1974–75 with the Tanque Verde School District # 13 as a probationary teacher at the Tanque Verde Elementary School. On or about February 28, 1975, he received a "Notice of Intent" from the elementary school principal informing him that the principal had recommended to the superintendent of the school district that Mr. Reed not be considered for re-employment for the school year 1975–76. On or about March 20, 1975, Mr. Reed received official notice from the Board of Trustees of the school district informing him that he would not be re-employed for the 1975–76 school year. The reasons stated were insubordination, failure to comply with certain provisions of approved building policy, failure to accept suggestions and cooperate with immediate supervisor, outward displays of antagonistic attitude toward immediate supervisor, inability to accept constructive criticism and indifference to supervisor's directive to maintain a clean and orderly classroom. Mr. Reed requested a hearing regarding the notice of non-renewal, but the request was denied.

The conclusory allegations of Mr. Reed's complaint are that the reasons given for the notice of non-renewal actually dealt with his competency as a teacher and therefore the notice of non-renewal was wrongful under A.R.S. § 15–265. We do not agree with Mr. Reed's position, however, as the question of whether or not the reasons given concerned his competency is immaterial.

A.R.S. § 15–265 provides:

"The governing board of any school district shall not formulate any charges of incompetency against a continuing or probationary teacher unless during the preceding term, semester or half school year prior to the date of the notice to the teacher of intention to dismiss and at least 90 days prior to the date of the notice, the board or its authorized representative has given the teacher written notice of incompetency, specifying the nature thereof with such specific instances of behavior and with such particularity as to furnish the teacher an opportunity to correct his faults and overcome the grounds for such charge. The written notice of intention to dismiss shall include a copy of any evaluation pertinent to the charges made and filed with the board."

We agree with petitioners that A.R.S. § 15–265, as applied to probationary teachers such as Mr. Reed, is applicable only where the governing board of a school district gives notice of intention to dismiss for incompetency prior to the expiration of an existing contract. Failure to re-employ a probationary teacher is not a "dismissal." *Parker v. Board of Education of Prince George's County, Md.,* 237 F.Supp. 222 (D.C.Md.1965); *Shannon v. Board of Education of Kingsport,* 199 Tenn. 250, 286 S.W.2d 571 (1955); *State v. Wanamaker,* 46 Wash.2d 341, 281 P.2d 846 (1955). Since the face of the complaint alleges facts which reflect compliance with A.R.S. § 15–252(B), it stated no claim for relief and the respondent court was without jurisdiction to compel petitioners to renew Mr. Reed's employment contract. *School District No. 8, Pinal County v. Superior Court,* 102 Ariz. 478, 433 P.2d 28 (1967).

The order denying petitioners' motion to dismiss is vacated and the respondent court is directed to enter an appropriate judgment of dismissal.

HOWARD, C. J., and KRUCKER, J., concur.