NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL PETRAMALA, *Appellant.*

No. 1 CA-CR 15-0774
FILED 6-16-2016

Appeal from the Superior Court in Maricopa County
No. CR2004-019118-001
The Honorable Sam J. Myers, Judge

**AFFIRMED**

COUNSEL

Scottsdale City Prosecutor's Office, Scottsdale
By Kenneth M. Flint
*Counsel for Appellee*

Michael Petramala, Phoenix
*Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge John C. Gemmill joined.

---

**P O R T L E Y**, Judge:

**¶1**         Michael Petramala ("Petramala") appeals the superior court's
order denying his petition to restore his right to possess firearms.  For the
following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Petramala was criminally charged with interfering with
judicial proceedings in 2003.  After ordering a mental competency
evaluation and reviewing the resulting medical reports, the superior court
concluded Petramala was not competent to stand trial and there was no
substantial probability that he would be restored to competency within the
statutory timeframe.  As a result, the court dismissed the charge under
Arizona Revised Statutes ("A.R.S.") section 13-4517(3).[1]

**¶3**         In 2007, the Federal Bureau of Investigation notified
Petramala that the incompetency finding had resulted in his inclusion in
the National Instant Criminal Background Check System ("NICS"), which
precluded him from legally possessing a firearm.  Months later, Petramala
filed a petition asking the superior court to assist him to be removed from
the NICS.  The court declined to do so, and issued an order prohibiting
Petramala from possessing a firearm and from seeking or obtaining a
concealed weapons permit.[2]  *See In re Guardianship and Conservatorship for*

---

[1] A.R.S. § 13-4517 allows a court to "[r]elease the defendant from custody
and dismiss the charges against the defendant without prejudice" if the
court finds that the defendant "is incompetent to stand trial and that there
is no substantial probability that the defendant will regain competency
within twenty-one months after the date of the original finding of
incompetency."

[2] Petramala then filed an unsuccessful lawsuit against the United States
Department of Justice.  *Petramala v. U.S. Dep't of Justice*, CV 10-2002-PHX-
FJM, 2011 WL 3880826, at *2 (D. Ariz. Sept. 2, 2011) ("[Petramala] falls

*Petramala*, 1 CA-CV 08-0330, 2009 WL 3463920, at *3, ¶ 13 (Ariz. App. Oct. 27, 2009) (mem. decision).

**¶4**         In 2014, Petramala filed a petition seeking to restore his right to possess firearms pursuant to A.R.S. § 13-925, which the superior court denied. *State v. Petramala ("Petramala I")*, 1 CA-CR 14-0685, 2015 WL 4538384, at *3, ¶ 12 (Ariz. App. July 28, 2015) (mem. decision). This court vacated the order and remanded the case, finding that "the superior court erred in summarily denying the petition without holding a hearing and considering the merits of the petition in accordance with the provisions of A.R.S. § 13-925(C)." *Id.* at *4, ¶ 15.

**¶5**         On remand, and after an evidentiary hearing, the court denied the petition, noting Petramala "did not present any evidence" in support of his petition. Petramala appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(5)(d).

## DISCUSSION

**¶6**         Because the superior court found that Petramala did not present any evidence in support of his petition, we review the ruling for an abuse of discretion. *See Pinal Cty. Bd. of Supervisors v. Georgini*, 235 Ariz. 578, 586-87, ¶ 29, 334 P.3d 761, 769-70 (App. 2014) (noting "the role of the decision maker in a § 13-925 hearing essentially is predictive and discretionary," and that § 13-925 "affords broad discretion to a court's predictions about a petitioner's future conduct."). And although we review issues of statutory interpretation de novo, *Hale v. Amphitheater Sch. Dist. No. 10 of Pima Cty.*, 192 Ariz. 111, 114, ¶ 5, 961 P.2d 1059, 1062 (App. 1998) (citation omitted), we will defer to the court's factual findings as long as they are supported by the record and are not clearly erroneous, *State v. Ronsengren*, 199 Ariz. 112, 116, ¶ 9, 14 P.3d 303, 307 (App. 2000) (citations omitted).

**¶7**         Under the federal Gun Control Act of 1968, as is relevant here, it is unlawful for any person who has been adjudicated incompetent

---

squarely within the definition of 18 U.S.C. § 922(g)(4) as one who had been adjudicated as a mental defective due to mental illness or incompetency. A court found [him] criminally incompetent, appointed a guardian to manage his affairs because it found him incapable of providing for his own needs, and implicitly found that he posed a danger to himself or others by ordering him not to possess a firearm.").

because he is a danger to himself or others, or lacks the mental capacity to contract or manage his own affairs, to possess a firearm. 18 U.S.C. § 922(g)(4); 27 C.F.R. § 478.11. However, such a person may petition "the court that entered an order, finding or adjudication that resulted in the person being . . . subject to 18 United States Code § 922(d)(4) or (g)(4) to restore the person's right to possess a firearm." A.R.S. § 13-925(A).

**Denial of the Petition**

¶8        Petramala argues the court erred by failing to grant him relief under A.R.S. § 13-925.

¶9        A party seeking to restore his right to possess firearms must prove "by clear and convincing evidence both" that he "is not likely to act in a manner that is dangerous to public safety," and that "[g]ranting the requested relief is not contrary to the public interest." A.R.S. § 13-925(D). To meet that burden, "[a]t the hearing, the [petitioner] shall present psychological or psychiatric evidence in support of the petition." A.R.S. § 13-925(C). Moreover, before ruling on the petition, the court "shall receive evidence on and consider" the following:

> 1. The circumstances that resulted in the person being a prohibited possessor . . . subject to 18 United States Code § 922(d)(4) or (g)(4).
> 2. The person's record, including the person's mental health record and criminal history record, if any.
> 3. The person's reputation based on character witness statements, testimony or other character evidence.
> 4. Whether the person is a danger to self or others or has persistent, acute or grave disabilities or whether the circumstances that led to the original order, adjudication or finding remain in effect.
> 5. Any change in the person's condition or circumstances that is relevant to the relief sought.
> 6. Any other evidence deemed admissible by the court.

A.R.S. § 13-925(C)(1)-(6).

¶10        In this case, Petramala did not present any evidence at the hearing.  He only raised social policy arguments and hypothetical scenarios.  As a result, the superior court found:

> The Court has no evidence of psychological or psychiatric treatment obtained by [Petramala] . . . no evidence of [Petramala's] mental health record and criminal history record, if any . . . no evidence of [Petramala's] reputation based on character witness statements, testimony or other character evidence . . . no evidence of whether [Petramala] is a danger to self or others or has persistent, acute or grave disabilities or whether the circumstances that led to the original order, adjudication or finding remain in effect . . . [and] no evidence of any change in [Petramala's] condition or circumstances that is relevant to the relief sought.

Consequently, Petramala did not overcome "the sealed reports of doctors Toma and Rosengard that were filed in this case on September 17, 2004," which had resulted in the original finding of incompetence.

¶11        After the ruling, Petramala filed a motion for reconsideration and submitted a 2013 psychological report.  The court was "unpersuaded" by the report, did not request a response, and summarily denied the motion.  Petramala argues the court erred in denying his petition because it failed to properly consider the report.  We decline to consider the 2013 psychological report because Petramala only submitted it in his motion for reconsideration.  *See Ramsey v. Yavapai Family Advocacy Ctr.*, 225 Ariz. 132, 137, ¶ 18, 235 P.3d 285, 290 (App. 2010) (explaining that we generally do not consider arguments raised for the first time in a motion for reconsideration because "when a new argument is raised for the first time in a motion for reconsideration, the prevailing party below is routinely deprived of the opportunity to fairly respond.") (citation omitted).

¶12        Although Petramala is representing himself, he is "entitled to no more consideration from the court than a party represented by counsel." *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16, 17 P.3d 790, 793 (App. 2000).  Moreover, he did not follow the guidance this court provided in his previous appeal about the type of evidence he needed to present and the standard of proof needed to demonstrate that his rights to possess a gun should be restored under the statute.  *Petramala I*, 1 CA-CR 14-0685, 2015

WL 4538384, at *3-4, ¶ 14.  Because Petramala failed to meet the evidentiary requirements of A.R.S. § 13-925, the court did not err by denying his petition.

## CONCLUSION

¶13      Based on the foregoing, we affirm the order.



Ruth A. Willingham · Clerk of the Court
FILED: AA