IN THE
# SUPREME COURT OF THE STATE OF ARIZONA

AMERICAN CIVIL LIBERTIES UNION OF ARIZONA,
*Plaintiff/Appellee*,

*v.*

ARIZONA DEPARTMENT OF CHILD SAFETY,
*Defendant/Appellant*.

No. CV-20-0030-PR
Filed August 25, 2021

Appeal from the Superior Court in Maricopa County
The Honorable David B. Gass, Judge
No. CV2014-007505
**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH
INSTRUCTIONS**

Opinion of the Court of Appeals, Division One
248 Ariz. 26 (App. 2020)
**VACATED IN PART**

COUNSEL:

Mark Brnovich, Arizona Attorney General, Tom Jose (argued), Assistant
Attorney General, Mesa, Attorneys for Arizona Department of Child Safety

D. Andrew Gaona (argued), Keith Beauchamp, Roopali H. Desai,
Coppersmith Brockelman PLC, Phoenix, Attorneys for American Civil
Liberties Union of Arizona

Jonathan Riches, Scharf-Norton Center for Constitutional Litigation at the
Goldwater Institute, Phoenix; Daniel J. Adelman, Arizona Center for Law
in the Public Interest, Phoenix; Rose Daly-Rooney, Arizona Center for
Disability Law, Tucson, Attorneys for Amici Curiae Arizona Center for Law
in the Public Interest, Goldwater Institute, and Arizona Center for
Disability Law

Daniel C. Barr, Karl J. Worsham, Perkins Coie LLP, Phoenix, Attorneys for Amicus Curiae First Amendment Coalition of Arizona

---

JUSTICE BEENE authored the Opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER, and JUSTICE BOLICK[*] joined.[**]

---

JUSTICE BEENE, Opinion of the Court:

¶1 Under A.R.S. § 39-121.02(B), a trial court may award attorney fees and legal costs to a party seeking public records if the court determines the party has "substantially prevailed" in the litigation. We are asked to determine what constitutes "substantially prevailed." We hold that a party has "substantially prevailed" if it was more successful than not in obtaining records or other relief that was contested by the opposing party before litigation commenced.

## BACKGROUND

¶2 In May 2013, the American Civil Liberties Union of Arizona ("ACLU-AZ") sent the first of three public records requests to the Department of Child Safety ("DCS")[1] seeking records about child welfare services. This first request consisted of thirty items with multiple subparts. DCS responded to six of ACLU-AZ's requests by producing documents

---

[*] Justice John R. Lopez IV and Justice William G. Montgomery have recused themselves from this matter.

[**] Although Justice Andrew W. Gould (Ret.) participated in the oral argument in this case, he retired before issuance of this Opinion and did not take part in its drafting.

[1] "DCS" refers to the Arizona Department of Child Safety as well as its predecessor organizations, which includes the Arizona Department of Economic Security's Division of Children, Youth, and Families and the interim Department of Child Safety and Family Services.

within three months of the initial request, but then stopped communicating with ACLU-AZ.

¶3        In January 2014, ACLU-AZ submitted a second and third request for public records from DCS.  DCS neither acknowledged nor answered these requests.

¶4        After several months of no communication from DCS, ACLU-AZ sent a final demand letter about its outstanding public-records requests. DCS responded by acknowledging the delay and stated it was "actively pursuing a review of the remainder of [ACLU-AZ's] data requests to determine what data can still be produced without creating an undue burden."  ACLU-AZ then filed a special action and requested attorney fees and costs.  *See* § 39-121.02(A), (B).  Within two months, DCS produced approximately 500 pages of documents responsive to some of the requests ("post-litigation documents") and indicated that it objected to the remaining requests; DCS said the rejected requests were not for existing public records but rather, they required creating new documents using data contained in the Children's Information Library and Data Source ("CHILDS") case management system.

¶5        The trial court rejected ACLU-AZ's request that it compel DCS to create and produce records responsive to the outstanding requests but did not decide if the CHILDS database itself was a public record. Ultimately, the court denied ACLU-AZ's request for attorney fees and costs because it found that ACLU-AZ did not "substantially prevail."  ACLU-AZ appealed.

¶6        In *American Civil Liberties Union of Arizona v. Department of Child Safety* (*ACLU-AZ I*), the court of appeals agreed with DCS that ACLU-AZ's request could not require DCS to "tally and compile information in CHILDS" into new documents and then produce them.  240 Ariz. 142, 151 ¶ 27 (App. 2016).  But the court agreed with ACLU-AZ that the CHILDS database was a public record. *Id.* at 146 ¶ 8. It therefore remanded the case to the trial court to determine whether DCS promptly provided the post-litigation documents stored in CHILDS to ACLU-AZ, and, if not, whether DCS's failure constituted a denial of records as defined under § 39-121.01(E) (if a party does not receive a prompt response to a public record request,

"[a]ccess to a public record is deemed denied"). *Id.* at 153 ¶¶ 36–37. The court of appeals also reversed the denial of attorney fees for ACLU-AZ and directed the court to reconsider whether ACLU-AZ substantially prevailed in the case. *Id.* ¶ 37.

¶7 On remand, ACLU-AZ argued that because the court of appeals found that the electronic records and data maintained by DCS in CHILDS made it a public record, ACLU-AZ substantially prevailed and should be awarded attorney fees and costs. DCS asserted that ACLU-AZ did not substantially prevail because DCS never argued that CHILDS was not a public record, but rather that it was not required to create new documents using that database.

¶8 The trial court agreed with ACLU-AZ and held that the "crux of the case" was whether CHILDS was a public record. The court also determined that DCS failed to promptly furnish post-litigation documents to ACLU-AZ. Because it successfully litigated these two issues, the trial court reasoned that ACLU-AZ "substantially prevailed" as required by § 39-121.02(B). ACLU-AZ was awarded $239,842.21 in attorney fees and costs, and DCS appealed.

¶9 In *American Civil Liberties Union of Arizona v. Department of Child Safety* (*ACLU-AZ II*), the court of appeals affirmed the trial court's ruling regarding DCS's failure to promptly furnish post-litigation documents to ACLU-AZ. 248 Ariz. 26, 29–31 ¶¶ 11–19 (App. 2020). It, however, reversed the trial court on the issue of whether ACLU-AZ had "substantially prevailed," *id.* at 34–35 ¶¶ 32–34, finding that the trial court erred by relying on *ACLU-AZ I*'s holding that CHILDS is a public record as its basis for determining that ACLU-AZ "substantially prevailed," *id.* at 32 ¶ 22. The court of appeals reasoned that the trial court should have considered the scope of the relief sought and the scope of the documents produced to determine whether ACLU-AZ "substantially prevailed." *Id.* at 35 ¶ 33. The court of appeals remanded to the trial court to determine whether ACLU-AZ should be awarded attorney fees based on the opinion. *Id.* ¶ 34.

¶10 We accepted review to clarify what a trial court should consider when determining if a party has "substantially prevailed" under

§ 39-121.02(B), which is a matter of statewide concern. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

## DISCUSSION

**¶11**     We review questions of statutory interpretation de novo. *Johnson Utils., L.L.C. v. Ariz. Corp. Comm'n*, 249 Ariz. 215, 219 ¶ 11 (2020). In interpreting a statutory provision, we give words "their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended." *Arizona ex rel. Brnovich v. Maricopa Cnty. Cmty. Coll. Dist. Bd.*, 243 Ariz. 539, 541 ¶ 7 (2018) (quoting *State v. Miller*, 100 Ariz. 288, 296 (1966)). We review a trial court's award or denial of attorney fees for an abuse of discretion. *Democratic Party of Pima Cnty. v. Ford*, 228 Ariz. 545, 547 ¶ 6 (App. 2012). If a plaintiff is found to have substantially prevailed in an action seeking to enforce a public records request, the trial court has broad discretion under § 39-121.02(B) to award or deny attorney fees and costs. *Id.* at 548 ¶ 9. "We will not disturb the trial court's discretionary award of fees if there is any reasonable basis for it." *Hale v. Amphitheater Sch. Dist. No. 10*, 192 Ariz. 111, 117 ¶ 20 (App. 1998).

## I.

**¶12**     Section 39-121.02(B) states that "[t]he court may award attorney fees and other legal costs that are reasonably incurred in any action under this article if the person seeking public records has substantially prevailed." ACLU-AZ argues that the court of appeals erred by restricting the trial court's authority to award attorney fees and costs so that a party may only "substantially prevail" based on the records they receive. ACLU-AZ contends that this restrictive interpretation has no basis in the statute's text. We agree.

**¶13**     In *ACLU-AZ II*, the court of appeals correctly observed that "'[s]ubstantially prevailed' is not specifically defined in A.R.S. § 39-121.02(B)." 248 Ariz. at 32 ¶ 23. In the absence of a statutory definition, courts may reference dictionaries. *State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 344 ¶ 9 (2014).

**¶14**     The word "substantial" is defined as "[i]mportant, essential, and material; of real worth and importance." *Substantial*, Black's Law

Dictionary (11th ed. 2019). And "prevail" is defined as "[t]o obtain the relief sought in an action." *Prevail*, Black's Law Dictionary (11th ed. 2019). Combining these definitions within the context of § 39-121.02(B), we conclude that a party has "substantially prevailed" if, after a comprehensive examination by the trial court, it was more successful than not in obtaining the requested records, defeating the government's denial of access to public records, or securing other relief concerning issues that were contested before litigation was initiated. *See Ocean W. Contractors, Inc. v. Halec Constr. Co., Inc.*, 123 Ariz. 470, 473 (1979) ("The fact that a party did not recover the full measure of relief requested does not mean that he is not the successful party."). This is consistent with *Ford*'s directive that the term "substantially prevailed" is "broad and flexible so as to provide the court with wide latitude in making its determination." 228 Ariz. at 548 ¶ 9.

¶15        In *ACLU-AZ II*, however, the court of appeals concluded that "the statute's plain language . . . tells us that a party may only 'substantially prevail' based on documents received as a result of the action," 248 Ariz. at 32 ¶ 24, and that "[a] party cannot be considered to have substantially prevailed based on factors unrelated to the documents they have received," *id.* at 34 ¶ 31. While we agree that the documents sought and received by a requesting party is a factor that a trial court should consider when analyzing a fee request under the statute, the court of appeals' singular focus on this result unnecessarily restricts a trial court's discretion in analyzing a party's request for fees and costs. This restriction is contrary to the well-established precedent of giving a trial court broad discretion to award or deny attorney fees and costs. *Ford*, 228 Ariz. at 548–49 ¶ 12. This deferential standard is necessary and appropriate in view of the court's superior understanding of the issues involved in the litigation and the desirability of avoiding frequent appellate review of what is essentially a factual issue. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

¶16        The following example illustrates the utility in providing a trial court with flexibility in determining whether to award fees and costs. Assume a party brings an action under § 39-121.02(A) alleging that certain records are public. Without considering whether it has any responsive documents, the governmental agency contests the public status of the requested records. If the trial court determines that such records are, in fact, public, if they exist, the court should consider the requestor's success

regarding the status of the records in deciding whether to award fees and costs even if the court's ruling does not directly result in the production of any documents. Securing a legal precedent may well be as important, if not more so, than the desired documents. Likewise, forcing compliance by a recalcitrant government entity should factor into whether a party substantially prevailed even if it does not yield a document bounty.

¶17            The holding in *ACLU-AZ II*, however, would preclude a trial court from finding that the requesting party in this instance "substantially prevailed" because it did not obtain any documents. The court of appeals' principal focus on a party's receipt of the requested documents in *ACLU-AZ II*, while a necessary part of the trial court's analysis, falls short of the comprehensive examination that a court should employ when considering whether a party "substantially prevailed" under § 39-121.02(B). A focus solely on the documents ultimately obtained does not sufficiently provide the court with the "broad and flexible" discretion necessary to make this determination. *Ford*, 228 Ariz. at 548 ¶ 9. Accordingly, we conclude that the trial court should examine all of the claims or requests made by the requesting party, and if that party was more successful than not in obtaining the requested records, defeating the government's denial of access to public records, or securing other relief concerning issues that were contested before the filing of an action, then the requesting party "substantially prevailed" under § 39-121.02(B) and may be awarded attorney fees and costs.

**II.**

¶18         Next, ACLU-AZ argues that *ACLU-AZ II* improperly narrowed the trial court's authority to award fees and costs under § 39-121.02(B) to claims only brought by special action. Again, we agree.

¶19         Section 39-121.02 provides in relevant part:

> A. Any person who has requested to examine or copy public records pursuant to this article, and who has been denied access to or the right to copy such records, may appeal the denial through a special action in the superior court, pursuant to the rules of procedure for special actions against the officer or public body.

B. The court may award attorney fees and other legal costs that are reasonably incurred in any action under this article if the person seeking public records has substantially prevailed.

The court of appeals held that the "action" in § 39-121.02(B) must be the special action that is referenced in § 39-121.02(A); thus, attorney fees are only appropriate if the requesting party's special action leads the court to give the documents to the requesting party. *ACLU-AZ II*, 248 Ariz. at 33 ¶ 25. This interpretation impermissibly narrows the court's statutory authority to award attorney fees and costs. The plain language of the statute provides broader grounds for relief.

**¶20** As previously indicated, a statute's plain language is the best indicator of legislative intent, *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 195 ¶ 9 (2016), and "when the legislature has specifically included a term in some places within a statute and excluded it in other places, courts will not read that term into the sections from which it was excluded," *Arpaio v. Citizen Publ'g Co.*, 221 Ariz. 130, 133 ¶ 9 (App. 2008) (quoting *State v. Gonzales*, 206 Ariz. 469, 471 ¶ 11 (App. 2003)).

**¶21** Although § 39-121.02(A) states that a party who has been denied access to public records may appeal that denial through a special action, the plain language of § 39-121.02(B) provides that attorney fees and costs may be awarded in *any* action under this article if that party substantially prevails. Section 39-121.02(B) does not restrict recovery of fees and costs to special actions only, and the court of appeals' interpretation of subsection (B) is inconsistent with the statute as it would ordinarily be understood.

**¶22** In fact, a variety of "actions" can be brought under this article that do not require the filing of a special action. For example, a requesting party could bring an action for declaratory or injunctive relief under the public records statutes and still recover attorney fees and legal costs if it prevails. *See Arpaio*, 221 Ariz. at 134 ¶ 14–15 (holding that Arpaio was liable for Citizen Publishing's attorney fees under § 39-121.02(B) even when he was not the custodian of the records after the custodian filed a declaratory judgment asking the court if she could release the records to Citizen

Publishing); *LaWall v. Robertson*, 237 Ariz. 495, 502 ¶ 28 (App. 2015) (finding that the requesting party was owed attorney fees under § 39-121.02(B) when the custodian of records filed a complaint seeking a declaration that the documents did not need to be released and the court disagreed and allowed the requesting party access to the documents); *Cong. Elem. Sch. Dist. No. 17 of Yavapai Cnty. v. Warren*, 227 Ariz. 16, 20–21 ¶ 20 (App. 2011) (awarding fees under § 39-121.02(B) to serial requestors against whom a school district sought prospective injunctive relief, and who received no public records).

¶23        The court of appeals' limitation regarding the applicability of § 39-121.02(B) only to special actions unreasonably restricts access to this remedy and is not supported by the plain language of the statute. The award of attorney fees and costs, when sought under this statute, is an available remedy for *any* action brought under the applicable title. We now turn to the application of these principles to this case.

## III.

¶24        ACLU-AZ argues that, because the court of appeals declared that the CHILDS database is itself a public record and also because DCS failed to promptly respond to the request for post-litigation documents, the trial court acted within its discretion to award ACLU-AZ attorney fees and costs. *See ACLU-AZ I*, 240 Ariz. at 147 ¶ 12; *ACLU-AZ II*, 248 Ariz. at 31 ¶ 19. DCS asserts that, because it did not contest that the information in CHILDS was a public record and ACLU-AZ did not receive more documents based on the court of appeals' declaration, ACLU-AZ cannot be considered a substantially prevailing party. Both parties' positions erroneously lie in the disputed status of CHILDS.

¶25        That CHILDS was declared a public record by the court in *ACLU-AZ I* is not solely dispositive in determining whether ACLU-AZ "substantially prevailed" under § 39-121.02(B). ACLU-AZ filed its special action to obtain public records from DCS, not to determine whether CHILDS is a public record. Both the trial court and the court of appeals erred by finding that the declaration that CHILDS is a public record is conclusive when deciding whether ACLU-AZ "substantially prevailed."

¶26        On remand, the trial court must examine all of the contested requests made by ACLU-AZ and determine whether it was more successful

than not in obtaining the records that were contested by DCS before ACLU-AZ filed its special action. The trial court should look at ACLU-AZ's overall success in the litigation, not simply the number of documents produced compared to the number of documents requested.

¶27　　　　ACLU-AZ requests attorney fees and costs pursuant to §§ 12-341, -342, -348, -2030, and 39-121.02(B), as well as the private attorney general doctrine. Because we are remanding this case to the trial court for a redetermination of whether ACLU-AZ has "substantially prevailed," we decline to award attorney fees and legal costs in this matter.

## CONCLUSION

¶28　　　　Section 39-121.02 gives the trial court discretion to determine when a party has "substantially prevailed" and can be awarded attorney fees and costs. Because we conclude that a party has "substantially prevailed" if, after a comprehensive examination by the trial court, it was more successful than not in obtaining the requested records, defeating the government's denial of access to public records, or securing other relief concerning issues that were contested before litigation was initiated, we vacate paragraphs 20–34 of the court of appeals' opinion and remand to the trial court to consider ACLU-AZ's request for attorney fees and legal costs regarding the late-produced records under the standard set forth in this Opinion.