NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JARED MICHAEL FIORI, *Petitioner/Appellant*,

*v.*

AMANDA LESLIE, *Respondent/Appellee*.

No. 1 CA-CV 24-0144 FC

FILED 03-06-2025

Appeal from the Superior Court in Maricopa County
No. FC2008-002000
The Honorable Jo Lynn Gentry, Judge, *Retired*

**AFFIRMED**

COUNSEL

Jared Michael Fiori, Phoenix
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Kent E. Cattani and Judge Angela K. Paton joined.

**T H U M M A**, Judge:

¶1          In this post-decree family court case, Jared Fiori (Father) appeals an award of $8,000 in attorneys' fees and costs to Amanda Leslie (Mother). Because Father has shown no error, the award is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2          Mother and Father never married but have one child in common, a daughter who is now 17 years old (Daughter). In February 2008, Father filed a petition addressing paternity, child custody, parenting and child support. In an agreement resulting in what became a June 2008 consent judgment, Mother and Father agreed to joint legal decision-making, a parenting plan and Mother being the primary custodial parent. Notwithstanding that promising start, the years that followed were contentious and involved significant judicial intervention.

¶3          As relevant here, an incident at Father's residence on April 15, 2022 resulted in a 12-year-old being hospitalized in a coma. On April 16, 2022, Father e-mailed Mother to inform her about the incident, reporting the 12-year-old was an unknown intruder attempting to sexually assault Daughter. Mother responded that the 12-year-old was Daughter's boyfriend who had snuck in to visit her.

¶4          Given that incident, on June 8, 2022, Mother filed a petition to modify legal decision making, parenting time and child support along with an emergency motion for temporary orders without notice, also seeking an award of attorneys' fees under Arizona Revised Statutes (A.R.S.) section 25-324(A) (2025).[1] The next day, the court issued temporary orders granting Mother sole parenting time and sole legal decision-making. On June 22, 2022, however, after an evidentiary hearing, the court re-established Father's parenting time and joint legal decision-making and repeated prior orders that neither party discuss the "case or parental disputes with the child or within ear shot of the child." That order left unresolved Mother's request for fees. The court also appointed a Best Interests Attorney "to investigate the situation involving the child."

¶5          On August 19, 2022, Mother filed an expedited motion for temporary orders regarding legal decision-making authority and parenting time, alleging that she had not had parenting time for nearly two months

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

and that Father was alienating Daughter from Mother and making major decisions about Daughter without Mother's consent. The motion included texts and emails that Mother alleged Father sent to Daughter discussing the case and telling her how to respond. Father's texts instructed Daughter to delete messages they had exchanged and to hide her phone. The texts also referred to efforts to "control what your mom does." Mother again sought an award of attorneys' fees and costs based on disparity of financial resources and unreasonable conduct.

¶6　　　　Father responded, denying and disputing much of what Mother alleged, denying knowledge about some of her allegations and asserting his own allegations. Father also sought an award of attorneys' fees, citing what he claimed were "redundant allegations, baseless allegations, and needlessly protracting litigation harming the minor child's best interest."

¶7　　　　The court set an evidentiary hearing on Mother's motion to be held on September 29, 2022. On September 22, 2022, the Best Interest Attorney reported Daughter "has continued to refuse to attend parenting time with Mother . . . due to Mother defending the actions of [the intruder] and siding with him and his family." Daughter "initially reported that she [was] concerned and hurt by Mother's relationship with [the intruder] and his family, and this [had] impacted the child's wishes on having parenting time with Mother."

¶8　　　　Mother and Father then reached a partial Rule 69 agreement resolving some issues to be addressed at the September 29, 2022 hearing. After hearing testimony from Mother and Father and another witness, and after receiving other evidence (including making a record of, and accepting, the agreement), the superior court issued an order awarding Father sole legal decision-making authority, awarding equal parenting time and requiring Father to pay Mother $198 in monthly child support. The court then issued a minute entry resolving the remaining issues.

¶9　　　　In addressing Mother's request for an award of fees and costs under A.R.S. § 25-324, the court found a substantial financial disparity, with Father having "considerably more resources available to contribute" to a fee and cost award than Mother. The court also found Father "acted unreasonably in the litigation." The court further found that Father "involved the child in the litigation between the parties. He shared information (false and otherwise) with the child, he has encouraged her to destroy texts regarding court proceedings and it appears he alienates the

child from [M]other." As a result, the court granted Mother's request, directing Father to pay a reasonable portion of her fees and costs.

¶10 Mother filed an application seeking $39,840 in attorneys' fees and $628.70 in costs, totaling $40,468.70, for legal services from May 17, 2022 through October 26, 2023. Father opposed the request, arguing "no award of fees and cost" should be considered because "Mothers' Actions caused delays, her conduct and behavior were combative, and at no time . . . for more than fourteen months of litigation did Respondent ever produce any evidence in support of any of her allegations against" Father. Father also offered generic, often duplicative objections to nearly all billing entries, claiming the services "were not needed," "did not lead to any meaningful purpose in the" action, multiple timekeepers billed "for the same issue," "unnecessary filing or litigation" or services were not relevant.

¶11 In a final judgment entered in January 2024, the court awarded Mother a total of $8,000 in attorneys' fees and costs, less than 20 percent of what Mother had requested. This court has jurisdiction over Father's timely appeal from that judgment pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶12 Mother has failed to file an answering brief, which this court could consider as a concession of error. *See* ARCAP 15(a)(2); *see also City of Phoenix v. Schooley*, 5 Ariz. App. 149, 150 (1967). Nevertheless, given the circumstances present here, the court will not treat that failure as a concession of error and instead, will address the merits. *See, e.g., In re Marriage of Diezsi*, 201 Ariz. 524, 525 ¶ 2 (App. 2002) (citing cases).

¶13 Father did not provide a transcript of the September 27, 2023 hearing, where the court heard testimony that it relied on in awarding Mother attorneys' fees and costs. As the party challenging that ruling, Father had the obligation to secure and provide a transcript of that hearing. ARCAP 11(c)(1)(B). Absent such a transcript, this court will presume the testimony in the missing transcript supports the superior court's ruling. *Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014) (citing cases).

¶14 This court reviews an award of attorneys' fees for abuse of discretion, *Terrell v. Torres*, 246 Ariz. 312, 325 ¶ 57 (App. 2019) (citing cases), leaving intact the discretionary fee award "if there is any reasonable basis for it," *Hale v. Amphitheater Sch. Dist. 10*, 192 Ariz. 111, 117 ¶ 20 (App. 1998) (citations omitted). The court views the facts in the light most favorable to

sustaining the findings and orders. *Hefner v. Hefner*, 248 Ariz. 54, 57 n.2 (App. 2018) (citing cases).

## I.    Father Has Shown No Error in the Superior Court's Award of Attorneys' Fees and Costs.

**¶15**    Father urges this court to reconsider the superior court's award based on what he claims were Mother's unreasonable positions and Father's objective reasonableness. In doing so, however, Father asks this court to re-weigh the evidence, something this court will not do. *See Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009) (citing cases).

**¶16**    Father acknowledges A.R.S. § 25-324 seeks to equalize financial disparities between parties, *see Quijada v. Quijada*, 246 Ariz. 217, 222 ¶ 17 (App. 2019) (citing cases), and that the prevailing party is not necessarily entitled to an award, *Breitbart-Napp v. Napp*, 216 Ariz. 74, 84 ¶ 39 (App. 2007). Father asserts, however, that the superior court "inadvertently used a higher income number" for Father than Mother based on testimony provided at the September 27, 2023 hearing. But Father did not provide the transcript from that hearing, which is presumed to support the superior court's ruling. *See Myrick*, 235 Ariz. at 495 ¶ 11 (citing cases); ARCAP 11(c)(1)(B). The record indicates the superior court considered the financial resources of both parents and Father has failed to show the financial disparity finding was erroneous.

**¶17**    Nor has Father shown the superior court erred in addressing the reasonableness of both parties. The court considered Father's conduct during litigation, including involving Daughter by sharing information about the litigation, encouraging Daughter to destroy texts regarding proceedings and alienating her from Mother. The record supports the superior court's findings, and Father has failed to show the contrary.

**¶18**    Father argues Mother could have settled and dismissed this case earlier because there was no new evidence when Mother ultimately agreed to the partial settlement on September 27, 2023. A superior court "may consider a party's settlement position in determining reasonableness under A.R.S. section 25-324." *Gutierrez v. Gutierrez*, 193 Ariz. 343, 351 ¶ 34 (App. 1998). But that consideration did not mandate a different conclusion here, particularly when the court awarded Mother less than 20 percent of the fees she requested.

**¶19**    The court did not sanction either party under A.R.S. § 25-324(B), for filing a petition in bad faith or taking other prohibited actions specified in that statute. Father argues that, in essence, the superior court

was required to find that Mother filed the petition in bad faith and that it was not grounded in fact. In doing so, he asks this court to reweigh evidence received by the superior court, citing evidence that Mother consoled the 12-year-old victim's family. But, again, this court does not reweigh evidence on appeal. *Hurd*, 223 Ariz. at 52 ¶ 16 (citing cases).

**¶20** Father also asserts that Mother should be required to pay his attorneys' fees under A.R.S. § 25-415 because her positions were not grounded in fact. In doing so, however, Father relies on testimony provided at the September 27, 2023 hearing where he failed to provide the transcript, and that missing transcript is presumed to support the superior court's conclusions. *See Myrick*, 235 Ariz. at 495 ¶ 11 (citing cases); ARCAP 11(c)(1)(B). For these same reasons, Father has shown no error in the superior court finding that neither party took actions sanctionable under A.R.S. § 25-415.

## CONCLUSION

**¶21** The judgment is affirmed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR